**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AARON S. LUDWIG, Esquire, | No.    18-15807 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-03826-DGC |
| v. | |
| STATE OF ARIZONA, by and through Attorney General Mark Brnovich, an Agency of the State of Arizona; DONALD CONRAD, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted October 1, 2019[**]
San Francisco, California

Before: FERNANDEZ, W. FLETCHER, and PAEZ, Circuit Judges.

Aaron Ludwig ("Ludwig") appeals the district court's order granting

summary judgment to the State of Arizona and Donald Conrad ("Conrad") on

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Ludwig's malicious prosecution claims under Arizona state law and 42 U.S.C. § 1983,[1] and the order denying Ludwig's motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). We affirm.

Under Arizona state law, issue preclusion "applies when an issue was [1] actually litigated in a previous proceeding, there was [2] a full and fair opportunity to litigate the issue, [3] resolution of the issue was essential to the decision, a [4] valid and final decision on the merits was entered, and there is [5] common identity of the parties." *Hullet v. Cousin*, 63 P.3d 1029, 1034 (Ariz. 2003). The last element—common identity of the parties—is not required with defensive issue preclusion, as is the case here. *See Campbell v. SZL Properties, Ltd.*, 62 P.3d 966, 968 (Ariz. Ct. App. 2003) ("If the first four elements of collateral estoppel are present, Arizona permits defensive, but not offensive use of the doctrine."). The district court did not err in holding that Ludwig was precluded from relitigating whether there was probable cause to support the charge against him under Ariz. Rev. Stat. § 13-2006(A)(3).

---

[1]On appeal Ludwig disputes only the district court's holding that Ludwig was precluded from relitigating whether there was probable cause to support the prosecution's charge under Ariz. Rev. Stat. § 13-2006(A)(3); he does not identify which claims he appeals based on that alleged error. But, because the district court considered the previous probable-cause determination to preclude Ludwig's malicious prosecution claims, we construe Ludwig's appellate arguments as challenging only the dismissal of those claims.

First, whether probable cause existed to charge Ludwig was "actually litigated" when Ludwig filed a clearance petition pursuant to Ariz. Rev. Stat. § 13-4051. The Maricopa County Superior Court entered a judgment on the merits after a two-day evidentiary hearing where the issue was "properly raised[,]" "submitted for determination, and [ ] determined." *Chaney Bldg. Co. v. City of Tuscon*, 716 P.2d 28, 30 (Ariz. 1986). Moreover, the parties did not stipulate, consent, or enter into a settlement that required the trial court to reach the probable-cause determination. *See id.*

Second, the Superior Court judgment was sufficiently valid and final. The Superior Court concluded that Ludwig "failed to establish that the charge was not supported by probable cause." *State of Arizona v. Ludwig* (*Ludwig I*), No. CR2015-134384-001, slip op. at 3 (Ariz. Super. Ct. Oct. 11, 2016). The Arizona Court of Appeals affirmed the judgment after reviewing the record and the Superior Court's findings. *See State v. Ludwig* (*Ludwig II*), No. 1 CA-CR 16-0735, 2017 WL 3484502, at *1–5 (Ariz. Ct. App. Aug. 15, 2017). Ludwig invoked "the opportunity for review," and the court of appeals affirmed the trial court's probable cause determination; this is "sufficiently firm to be accorded conclusive effect." *Garcia v. Gen. Motors Corp.*, 990 P.2d 1069, 1074 (Ariz. Ct. App. 1999).

3

Third, the Superior Court's judgment was essential to its decision. The court considered other bases for whether the charge was "wrongful,"[2] noting that the "evidence fails to establish that the clearance of records in this matter is warranted in the interest of justice," and that Ludwig "failed to show a compelling interest to seal this record[.]" *Ludwig I*, slip op. at 2–3. But the court relied upon its finding of probable cause to support its ultimate conclusion that Ludwig was not "wrongfully charged," concluding that Ludwig's own testimony "supported the probable cause determination" and "did not establish that he was factually innocent." *Id.* at 3. This is sufficient for the issue to have been "necessary" to the final judgment. *See Collins v. Miller & Miller, Ltd.*, 943 P.2d 747, 757–58 (Ariz. Ct. App. 1996).

Fourth and finally, Ludwig had a full and fair opportunity to litigate the issue of probable cause. The district court found that Ludwig was "represented by counsel, participated in a two-day evidentiary hearing, questioned State witnesses,

[2]"Wrongful" in section 13-4051 has been interpreted by the Arizona Court of Appeals as having a "more expansive meaning" than just "unlawful" or "illegal." *See State v. Mohajerin*, 244 P.3d 107, 111–13 (Ariz. Ct. App. 2010). But a showing by the state that there was probable cause to support the initial charge can be sufficient to find that the charge was not "wrongful" as long as the petitioner is not factually innocent. *See id.* The Superior Court concluded—and the Court of Appeals affirmed—that Ludwig's charge was supported by probable cause, and he did not establish his factual innocence. *See Ludwig I*, slip. op. at 2–3; *Ludwig II*, 2017 WL 348502, at *5.

4

placed exhibits in evidence, and testified on his own behalf." *Ludwig v. Arizona* (*Ludwig III*), No. CV-16-03826, 2018 WL 1015371, at \*4 (D. Ariz. Feb. 22, 2018). The consequences that flow from a successful clearance action or malicious prosecution charge are "distinct and separate," *Ferris v. Hawkins*, 660 P.2d 1256, 1260 (Ariz. Ct. App. 1983), but their differences do not suggest that Ludwig had any incentive to litigate the first action less vigorously. The district court properly applied Arizona's issue preclusion doctrine and, because probable cause is a complete defense to a charge of malicious prosecution, the court did not err in granting summary judgment to Conrad and Arizona on those claims.

\* \* \*

Ludwig's second and third arguments—that Ariz. Rev. Stat. § 13-2006(A)(3) is unconstitutional, both facially and as applied to him—were not adequately raised before the district court and are thus waived on appeal. Ludwig "could have raised this issue at or before" summary judgment briefing, and Ludwig "ha[s] not presented any valid reason for not having done so[.]" *Beech Aircraft Corp. v. United States*, 51 F.3d 834, 841 (9th Cir. 1995). The district court did not abuse its discretion in refusing to allow Ludwig to raise these arguments for the first time under Rule 59(e) because—as the district court noted—Ludwig did not establish any of the circumstances under which district courts typically permit

alteration or amendment under Rule 59(e).  *Ludwig v. Arizona*, No. CV-16-03826, 2018 WL 5779500, at *1 (D. Ariz. Apr. 3, 2018) (citing *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009)).

**AFFIRMED.**